## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **ANNETTE HOWELL** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-cv-00001** |
| | § | |
| **CHRISTUS HEALTH ARK-LA-** | § | **JURY DEMANDED** |
| **TEX DBA CHRISTUS HEALTH -** | § | |
| **PINE STREET** | § | |
| **DEFENDANT** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Annette Howell, hereinafter "Plaintiff" or "Howell" and files this Original Complaint hereby complaining of Christus Health Ark-La-Tex dba Christus Health – Pine Street, hereinafter "Defendant" or "St. Michael's" and would show the Court and jury as follows:

### SUMMARY OF THE COMPLAINT

This is an employment lawsuit alleging discriminatory discharge of Plaintiff by Defendant based on religious discrimination (failure to accommodate and job termination) as well as retaliation for opposing illegal discrimination. Plaintiff alleges causes of action under *Title VII of the Civil Rights Act of 1964 (Title VII)* and *Chapter 21 of the Texas Labor Code* and seeks a jury trial to recover all her damages to include back pay, front pay, compensatory damages, punitive damages, and attorney's fees; all as more particularly described below.

### PARTIES

1.     Plaintiff is Annette Howell, an individual who is a resident of Texarkana, Bowie County, Texas.

2.     Defendant is a Texas non-profit corporation operating a hospital facility in Texarkana, Texas. Defendant will be served through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.     A majority of the incidents in question occurred in Bowie County, Texas.

4.     Defendant or more entities with which Plaintiff was employed and which caused her discharge from employment.

5.     At all times relevant to this suit, Defendant was doing business under the common and/or assumed name of Christus Health while employing Plaintiff. Therefore, Plaintiff uses that name in this suit against the true entity or entities that employed, injured, discriminated against, and discharged Plaintiff from employment with it. Plaintiff reserves the right to correct Defendant's name or add additional names should it later appear that Plaintiff's true employer has been mistakenly named because it is Plaintiff's intent to sue the entities that employed Plaintiff, discriminated against her, and terminated her employment as described below; however, said entities may be named.

## JURISDICTION/VENUE

6.     Jurisdiction of the alleged causes of action is based on 28 U.S.C. § 1331 by way of Plaintiff hereinafter alleging violations of federal law.

7.    Jurisdiction of the Texas causes of action alleged under Texas Labor Code Chapter 21 is under the Court's supplemental jurisdiction under authority of 28 U.S.C. § 1367, since the state law causes of action are so related to the federal claims in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

8.    This suit is brought under authority of the *Title VII of the Civil Rights Act of 1964; and Texas Labor Code* §§ 21.001 et seq., hereinafter *"Texas Human Rights Act."* At all times relevant to this action, Plaintiff was a "person" and/or an "employee" and Defendant was an "employer" as those terms are defined under the herein above named laws and statutes.

9.    This cause of action, or a substantial portion thereof, occurred in Bowie County, Texas, which is in the Eastern District of Texas.

## FACTS

10.    Plaintiff Howell was an employee of Defendant as a respiratory therapist and worked at Christus St. Michael's Hospital located in Texarkana, Texas. Plaintiff worked as a full-time employee of Defendant until she was illegally discharged on or about December 17, 2024.

11.    Howell was previously employed by Wadley Hospital in Texarkana which was acquired by Christus Health in November 2024. Wadley employees were assured that most Steward employees would be hired/rehired by Christus.

12.    Thereafter, Howell was given on-boarding activities to complete and one of those was an appointment with Christus Associate Health. At her appointment on December 4, 2024, Howell was told that she needed the Measles, Mumps and  vaccine (MMR) (based on titer labs done in 2018) and Tdap vaccine (based on her self-report of not receiving a tetanus shot within 10 years).  Howell asked the Christus Health technicians to just give her the two components of the vaccines that Christus maintained she was required to take. Hannah Hamilton informed Howell that a separated vaccine was not available. Therefore, Howell declined the vaccines.

13.    Howell was given a Medical Exemption form to take to her medical provider and have them complete it saying that she had had a previous reaction to those vaccines. Howell told the Christus representatives that she had an ethical conflict, and Howell was informed that Christus does not recognize Religious Exemptions and that those combined 6 vaccines would be required.

14.    Howell told them "No and what do you mean REQUIRED? It's my body, my choice." They reiterated that Howell would need a Medical Exemption or she would be taken off the schedule and not allowed to work until  she received the vaccines. Christus gave Howell until December 18, 2024, to either receive the vaccines or bring the signed Medical Exemption back.

15.    Howell faxed a Declination Letter to Christus on December 13, 2024. On December 16, 2024, Howell received an email stating that her Religious Exemption had

been denied. Howell was called by Lupe Medina in Associate Health and told she needed to come get the vaccines within 2 days. Howell told her she had to think about it.

16.    Howell was called by Lindsey Seghi at Christus Pine Street Human Resources on December 17, 2024. Seghi stated that Howell needed to go to Associate Health and receive the vaccines or they would "have to separate employment" with her. Howell told Seghi that she would not be receiving the vaccines based on her religious objections. Immediately, Seghi stated "Ok, well, you're terminated then!" Howell asked Seghi to put that in writing and  Seghi stated, "We don't have to do that."

17.    Although the December 18 deadline had not passed, Howell was terminated and taken out of the Christus system on the afternoon of December 17.

18.    Howell asked about the process to appeal the decision of the committee that denied her exemption and was told there was no appeal process.

19.    Howell alleges her right to Medical and Religious Freedom has been violated. The loss of employment has caused financial hardship for Howell and her family.

20.    Plaintiff, at all times relevant hereto, was a person of the Christian faith and as such had sincerely held religious beliefs that prevented her from being vaccinated by many vaccines, including the vaccine which Christus required as a condition of her employment. As an important portion of Plaintiff's beliefs, as a Christian, she identified with the "pro-life" portion of the Christian faith, and held the sincere belief that abortion was immoral, was the murder of a living person, and was a sin against God.

21.    As part of her application for a religious exemption and reasonable accommodations, Plaintiff made it clearly known to Christus that she held the sincere Christian belief that the vaccines being required violated her sincerely held religious beliefs.

22.    Therefore, Plaintiff sincerely believed, and made known to Defendant, that it would be a *serious conflict* with and compromise of her religious beliefs, as well as a sin against God, for her to be involved with, support, or receive the vaccines into her body, that were being offered for use in vaccination.

23.    Plaintiff sincerely believed that since the vaccine was either derived from a replication of aborted human baby cells or were tested using replications of these aborted cells, these vaccines were unavoidably associated with these cells originally from aborted babies and would thus be sinful and the use would be a sin against God.

24.    At all times relevant to this suit, Plaintiff sincerely believed that allowing the vaccines in question into her body in any way would be a sin against God and was a non-negotiable conflict with her sincerely held religious belief.

25.    Plaintiff was able to perform the essential functions of her job without obtaining the vaccines and was doing so up until her termination by Defendant.

26.    Plaintiff was never unable to perform her job duties due to her vaccination status and was able to perform the essential functions of her duties successfully. However, at all times relevant to this suit and with full knowledge of Plaintiff's religious objections

to the vaccine, Defendants refused to grant to Plaintiff reasonable accommodations to its vaccination mandate in place of her being vaccinated with the vaccination.

27.    Defendant refused to enter into the interactive process with Plaintiff to discover any other reasonable accommodations to her sincerely held religious beliefs regarding the vaccine mandate by Defendant.

28.    Defendants refused to grant Plaintiff any reasonable accommodations to the mandate or accept any of Plaintiff's offers of reasonable accommodations as described above. Instead, Defendants insisted on Plaintiff being vaccinated under the vaccine mandate or be terminated.

29.    Plaintiff refused to compromise her sincerely held religious beliefs about receiving the vaccine and did not receive the required vaccinations as described above; therefore, Defendant terminated Plaintiff's employment on December 17, 2024.

## VIOLATION OF TITLE VII & TEXAS LABOR CODE § 21.051

30.    At all times relevant to this suit, Plaintiff Howell was a person who held sincere religious beliefs regarding her Christian faith, as described above.

31.    Plaintiff was discriminated against and/or retaliated against by Defendant because of her sincerely held religious beliefs,  as stated above.

32.    The discrimination and/or retaliation as described above violated *Title VII of the United States Civil Rights Act of 1964*; and the *Texas Commission on Human Rights Act, Texas Labor Code* §§ 21.001 et seq.

33.     Plaintiff alleges that a reason and/or motivating factor for the discrimination against her and/or termination of her employment was because of her sincerely held religious beliefs, as described above.

34.     Prior to Plaintiff's termination from employment, Plaintiff requested an accommodation to the vaccine mandate which was refused. The Defendant's failure to allow those reasonable accommodations to the vaccine mandate, or some other reasonable accommodation, or to enter into an interactive process to determine an acceptable reasonable accommodation violated the above-named statutes and resulted in Plaintiff's damages as hereinafter stated.

## RETALIATION

35.     Plaintiff alleges that Defendant retaliated against her and discharged her from employment for requesting a reasonable accommodation to the vaccine mandate and/or opposing the illegal discrimination against her in violation of *Title VII, and/or the Texas Labor Code* § 21.055, which resulted in damages as hereinafter set forth and for which Plaintiff now sues.

## DAMAGES

36.     As a result of the violation of *Title VII* and the *Texas Labor Code* § 21 by Defendants, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future compensatory damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

## ADMINISTRATIVE PREREQUISITES

37.    Plaintiff satisfied all prerequisites to this suit, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Texas Workforce Commission- Civil Rights Division (which is a joint filing with the EEOC), alleging religious and retaliation, as required by the above referred to statute, and cooperated with said Commission 180 days during the investigation of the complaint prior to filing this suit. All conditions precedent to this suit have been performed or have occurred.

## PUNITIVE DAMAGES

38.    Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's federal and state protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

## ATTORNEY FEES

39.    Plaintiff has also had to employ an attorney to vindicate her rights for being discriminated against and terminated, and seeks reasonable and necessary attorney fees as allowed by law.

## INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

40.    On a finding that Defendant has engaged in any unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable

relief as may be appropriate as listed and set out in *Title VII* and § 21.258 of the *Texas Labor Code*. Also, Plaintiff requests the Court to order reinstatement to her job with Defendant, if equitable and reasonably possible under the circumstances existing at the time of the order.

## JURY DEMAND

41.    Plaintiff hereby respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that on final hearing Plaintiff be awarded damages, as stated above, punitive damages, attorney fees related to her claims under *Title VII* and the *Texas Labor Code*, costs of court, prejudgment interest, injunctive relief, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

ATTORNEY FOR PLAINTIFF

---

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 10**